UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

**United States of America,**

       **Respondent,**

v.                                  **MEMORANDUM OF LAW & ORDER**
                                          **Criminal File No. 3-95-48 (MJD)**

**Henry Lo Carter,**

       **Petitioner.**
_____

Richard Newberry, Assistant United States Attorney, Counsel for Plaintiff.

Henry Lo Carter, pro se.
_____

     The above-entitled matter comes before the Court upon Petitioner Henry Lo Carter's "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742," and Motion to Enter Default Judgment. [Docket Nos. 74, 76.]

     On July 14, 1995, Carter pleaded guilty to possessing cocaine base with the intent to distribute. [Docket No. 45/45.] Carter filed a motion for downward departure in his sentencing, which was denied by the Court on January 26, 1996. The Court then sentenced Carter to 210 months imprisonment. After an appeal was filed, the Eighth Circuit Court of Appeals affirmed Carter's conviction on August 13, 1996. United States v. Carter, 91 F.3d 1196 (8th Cir. 1996).

1

Carter filed a habeas petition pursuant to 28 U.S.C. § 2255 on September 10, 1996.  The Court denied Carter's petition on November 4, 1996.  Carter attempted to appeal the denial to the Eighth Circuit, however the Eighth Circuit refused to issue a certificate of appealability.  Next, Carter filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which was dismissed on March 10, 1998 by the Court.  A subsequent application for appealability was denied by the Eighth Circuit on July 19, 1999.  On November 30, 2000, another certificate of appealability was denied by the Eighth Circuit upon Carter's attempt to pursue a successive habeas petition under 28 U.S.C.
§ 2255.  The Court dismissed Carter's petition under 28 U.S.C. § 2241 with prejudice.  The Eighth Circuit affirmed the Court's dismissal on December 11, 2001.

    A.    **Motion under 18 U.S.C. § 3742**

Carter now files the instant motion requesting the Court to review his sentence pursuant to 18 U.S.C. § 3742, in light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).  He appears to argue that Booker makes his sentence invalid because an applicable guideline does not exist.

By its terms, § 3742(d) does not grant jurisdiction to a district court to review a final sentence.  It states, "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . (4) was

imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." However, 18 U.S.C. § 3742 does not authorize a district court to review a sentence; it is merely the basis for appellate review.  United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993) (holding that 18 U.S.C. §§ 3742(a) and (b) are not a basis for jurisdiction to a district court to review a final sentence; the only reference to the district court directs that the notice of appeal must be filed in that court).  Accordingly, the Court does not have jurisdiction to entertain a motion to review a sentence under 18 U.S.C. § 3742(d).

To the extent the court is obligated to look beyond the label of Carter's motion to determine if it is cognizable under a different statutory framework, Carter is still not entitled to relief.  Because Carter has already made an initial § 2255 motion, he is barred from making a second, absent a certificate of appealability from the Eighth Circuit.  28 U.S.C. § 2244(b)(3).  This requirement is well-established and Carter may not circumvent it by employing another statute. United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

Additionally, Carter's reliance on Booker is misplaced as Booker does not apply retroactively.  Booker, 125 S.Ct. 738, 769 (2005); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (stating that Booker "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral situations.").  At the time Booker

was decided, Carter's appeal was complete, and his conviction was final. Therefore, Carter cannot invoke <u>Booker</u> to undermine his valid sentence.

Thus, the Court finds that it does not have jurisdiction to consider Carter's motion under 18 U.S.C. § 3742, and Carter is not entitled to any other statutory relief based on <u>Booker</u> or 28 U.S.C. § 2255.

**B.     Motion to Enter Default Judgment**

Carter also filed a Motion to Enter Default Judgment. Carter's "Motion for Review of Sentence Pursuant to 18 USC § 3742" allowed the Government 21 days to reply. Based on the Government's failure to reply within that time, Carter requests that the Court enter a Default Judgment based on Federal Rule of Civil Procedure 55(a).

Because Carter's motion under § 3742 fails to present a valid basis for relief, an entry of default judgment is inappropriate, regardless of whether the Government has filed a timely response. See <u>United States v. Flynn</u>, No. 1:04-165, 2006 WL 753123, at *1 (W.D. Mich. Mar. 22, 2006) (unpublished). Additionally, the Court observes that Carter proceeds under the misconception that a post-conviction motion in a criminal case is governed by Rule 55 of the Federal Rules of Civil Procedure. While motions pursuant to 28 U.S.C. § 2255 may be considered in light of both the Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure, as stated above Carter is barred from making a § 2255

motion without a certificate of appealability.  Moreover, even if Rule 55 were applicable to the instant motion, Federal Rule of Civil Procedure 55(e) bars entry of a default judgment against the United States on a meritless claim.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Henry Lo Carter's Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742 [Docket No. 74] is **DENIED**.

2. Henry Lo Carter's Motion to Enter Default Judgment. [Docket No. 76.] is **DENIED**.

Dated:  July 15, 2006

s / Michael J. Davis
Judge Michael J. Davis
United States District Court